NO. 06-14-00215-CR
12-0374X.

JAMIE LEE BLEDSOE
APPellate

THE STATE OF TEXAS
APPellee

RECEIVED IN
The Court of Appeals
Sixth District

APR 1 5 2015

Texarkana, Texas
Debra Autrey, Clerk

IN FILED IN COURT
The Court of Appeals
Of Sixth District
Sixth Appellate District
APR 1 5 2015

Texarkana, Texas
Debra Autrey, Clerk

## Motion To Object To The Continue Illegal And Void Judgement & Sentence

TO THE HONORABLE JUSTICE OF THE COURT of APPEALS:

Now COME's, APPellant, and files this Motion To OBJect To THE Continue Illegal And void Judgement & Sentence On Cause NO: 12-0374x APPellant will Show This Court The following:

### A.

ON July 23th 2014 APPellant was Convicted of The offense of Burglary of a Building, a State Jail felony Punishable by not more than (2) years not less than (6) months.

### B.

The State introduce Cause NO: 08:0177X for Enhancement in which was illegal and void, due to the fact that Cause NO: 08:0177X was a Previous State Jail felony, and Could not be Use to enhance another State Jail felony Under Penal Code. 12.425(b) which Specifically State's (2) felonies Other than a State Jail felony.

### C.

The State used the illegality of the Prior Conviction with Knowledge of it's illegality, And asked the Jury to Punish the appellant to (20) years, (18) years over the maximum requirements of the Conviction.

### D.

AS a repeated denial of APPellant Constutional Rights his Court appointed Attorney Filed a ANDER's BRief alleging that he have diligently searched both the Clerk's Record and the Reporter's Record and examined the facts and researched the applicable Law of Texas and the United States.

(1)

And he have Painstakingly searched for any arguable issue, and it is his Professional opinion that no preserved error, no fundamental error, no harmful error and no reversible error occurred in this case.

## E.

On Page 16 of 18 of Counsel Andois Brief in his foot note: he cite the case law of State v. White, 959 S.W.2d 375 (Tex. App.- Fort worth, 1998, Pet. ref'd); Webb v. State, 12 S.W.3d 808 (Tex. Crim. App. 2000); And Waits v. State, 56 S.W.3d 56 (Tex. App. - Fort worth, 2001, No pet.). He fail to cite any Argument or Authorities concerning the case law: to validate the illegal use of cause no: 08.0177x for review, this act of ommisson is only prolonging time, these case's that is un argued will clearly show the illegal use of cause no: 08.0177x.

## F.

On April 2. 2015 Appellate recieved a Notice that the 71st Judicial Court had been Granted a extension of time extended to and including May 4, 2015 to file there applee brief, this court has reviewed the statute of law in this case at the motion for New Trial, and numberous of motion's filed by the appellate concerning the illegal use of cause no: 08.0177x for enhancement; but yet to submitted to the fact's of the illegal Punishment.

## Authority

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. See Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)
A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus.
Traditionally, the State could seek mandamus relief to rectify an illegal or unauthorized sentence. In these instances the State could even seek a resentencing by filing a motion to re open Punishment in the trial court, long after that court had lost plenary jurisdiction over the case.

There has never been anything in Texas Law that Prevented any Court with Jurisdiction over a Criminal case from noticing and correcting an illegal Sentence.

See, e.g., Simmons v. State, 156 Tex. Crim. 601, 602, 245, 255 (1952) ( noting that "no court in this State could assess a Punishment that the Law does not authorize"). Rutherford v. State, 79 Tex. Crim. 605, 605, 187 S.W. 481, 481 1916

The fact of this illegal Punishment is that the Statute that is Set out in Penal code 12.425(b) enacted by the Legislature clearly state's two felonie's "other" than a State Jail felony Punishable Under Section 12.35 (a).

As a Part of appellate repeated injustice, his Court appointed attorney and the trial Court has repeatly blind folded this error Contending of there Lack of interpretation of the Law's Set out in Penal code 12.425(b) and are Using Stall tactic in order to Continue Confinement of the appellate.

It's a Known fact that the State Could not re-use a Previous State Jail felony Punishable Under 12.35a to re-enhance another State Jail felony to the Level of a 2nd degree, regardless of how they want to use there erroneously interpretation of the Language Punishable Under 12.35a Set out in the Statute of 12.42 (a)(2). that was enacted to 12.425(b)

For the reasons and facts alleged above appellant respectfully ask this Court to Compell the 71st Judicial Court to take Judicial Notice of there Mistake and rectify this illegal Punishment.

## PRAYER.

WHERE fore Premise Considered, Appellant Pray that this Court will acknowledge this injustice and send a order to the 71st Judicial Court to correct said error.

Respectfully Submitted
Jamie Lee Bledsoe

(3)

## CERTIFICATE of Service

I, Jamie Lee Bledsoe, hereby Certify Under Penalty of Perjury that a true And Correct Copy of the motion has been Provided to Clerk: DeBRA A. AUTREY In Bi-state Justice Building at 100 NORTH STAte LinE AVENUE #20 TEXARKANA, Texas 75501 by Placing Said document in a Postage-Paid envelope And Mailing Said envelope via United States mail this April 10th 2015.

Jamie Lee Bledsoe

(4)